UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

RONALD GOODIN and DEBORAH GOODIN

        Plaintiffs,

v.

        Civil Action No. 3:13-cv-698-J-34TEM

TRS RECOVERY SERVICES, INC., BENNETT
LAW PLLC, and WAL-MART STORES, INC.

        Defendants.
_____/

## ANSWER OF DEFENDANT WAL-MART STORES, INC., AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT

DEFENDANT, Wal-Mart Stores, Inc., by and through its attorneys, answers and offers affirmative and additional defenses to the correspondingly numbered paragraphs of the complaint of Ronald and Debra Goodin as follows:

1. Admitted.

2. This Defendant admits the subject matter of Plaintiff's complaint is proper for the cited statutes, but denies the allegation of violations on the part of this Defendant.

3. Admitted.

4. Defendant admits Plaintiff is the proper person to bring this action but denies the allegations of conduct directed towards this Defendant.

5. Defendant admits Plaintiff is the proper person to bring this action but denies the allegations of conduct directed towards this Defendant.

6. Pertains to another Defendant and requires no response.

7. Pertains to another Defendant and requires no response.

8. Defendant admits it conducted business in Jacksonville, Duval County, Florida but denies the remaining allegations of this paragraph.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Pertains to another Defendant and requires no response.

21. Pertains to another Defendant and requires no response.

22. Defendant Wal-Mart has no record of receiving said letter and must deny this allegation.

23. Defendant Wal-Mart has no record of receiving said letter and must deny this allegation.

24. Pertains to another Defendant and requires no response.

25. Pertains to another Defendant and requires no response.

26. Pertains to another Defendant and requires no response.

27. Pertains to another Defendant and requires no response.

28. Pertains to another Defendant and requires no response.

29. Pertains to another Defendant and requires no response.

30. Pertains to another Defendant and requires no response.

31. Pertains to another Defendant and requires no response.

32. Pertains to another Defendant and requires no response.

33. Pertains to another Defendant and requires no response.

34. Pertains to another Defendant and requires no response.

35. Pertains to another Defendant and requires no response.

36. Pertains to another Defendant and requires no response.

37. Pertains to another Defendant and requires no response.

38. Pertains to another Defendant and requires no response.

39. Denied.

40. Pertains to another Defendant and requires no response.

41. Denied.

## COUNT I

42. Pertains to another Defendant and requires no response.

43. Pertains to another Defendant and requires no response.

44. Pertains to another Defendant and requires no response.

45. Pertains to another Defendant and requires no response.

46. Pertains to another Defendant and requires no response.

47. Pertains to another Defendant and requires no response.

48. Pertains to another Defendant and requires no response.

49. Pertains to another Defendant and requires no response.

50. Pertains to another Defendant and requires no response.

51. Pertains to another Defendant and requires no response.

52. Pertains to another Defendant and requires no response.

53. Pertains to another Defendant and requires no response.

54. Pertains to another Defendant and requires no response.

55. Pertains to another Defendant and requires no response.

56. Pertains to another Defendant and requires no response.

## COUNT II

57. Defendant Wal-Mart incorporates by reference its prior responses.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Pertains to another Defendant and requires no response.

65. Pertains to another Defendant and requires no response.

66. Pertains to another Defendant and requires no response.

67. Pertains to another Defendant and requires no response.

68. Pertains to another Defendant and requires no response.

69. Pertains to another Defendant and requires no response.

70. Pertains to another Defendant and requires no response.

71. Pertains to another Defendant and requires no response.

72. Denied.

In responding to the unnumbered prayer for relief at the conclusion of Plaintiff's complaint, this Defendant alleges that Plaintiffs are not entitled to the damages sought, or in the alternative, have overstated their damages.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

The damages complained of by Plaintiffs are the direct and proximate results of the actions of unknown criminal perpetrators over whom this Defendant had no control.

### SECOND AFFIRMATIVE DEFENSE

The Fair Debt Collection Practices Act only applies to third party collectors and as such, Plaintiffs have failed to state a cause of action as to Defendant Wal-Mart.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a cause of action against Wal-Mart as they have failed to dispute the validity of the debt and request validation as required by the statutory provisions Plaintiffs are attempting to utilize in their action.

### FOURTH AFFIRMATIVE DEFENSE

Defendant Wal-Mart acted in accordance with the requirements and standards set forth in all applicable codes, regulations and industry standards.

### FIFTH AFFIRMATIVE DEFENSE

The damages claimed by Plaintiff's are the result of acts or omissions by other persons, corporations, individuals or entities other than defendant Wal-Mart, and beyond the custody, control or supervision of this Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' losses were caused, in whole or in part, by the supervening and intervening acts and/or negligence of other parties, and/or entities. The acts and/or negligence of these entities superseded and intervened in causing the breaches and damages of Plaintiffs. To the extent of which the superseding and intervening acts are the cause of the damages of Plaintiffs, the causes of action against this Defendant are barred or reduced thereby.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant Wal-Mart is only liable for its proportionate share of damages arriving out of its conduct, if any, and relies upon Florida Statute §768.81, and the principles of law set forth by *Fabre v. Martin*, 623 So.2d 1182 (Fla. 1993). Therefore, all claims against this Defendant are barred or subject to apportionment.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant, Wal-Mart, is entitled to a set off for any sums paid by any other Defendant or any other alleged tortfeasor or as payment or settlement of claims arising out of the alleged events that are the subject of this complaint.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs have recovered benefits from collateral sources, Defendant, Wal-Mart is entitled to a credit, should any judgment be rendered against it.

## TENTH AFFIRMATIVE DEFENSE

Wal-Mart reserves the right to add affirmative defenses as it becomes aware during the course of discovery and reserves the right to amend its answer to assert such defenses.

Respectfully submitted this 16th day of August, 2013.

/s/ Edward M. Booth, Jr.
Edward M. Booth, Jr., Esq.
Florida Bar No.: 338699
Quintairos, Prieto, Wood & Boyer, P.A.
One Independent Drive, Suite 1650
Jacksonville, FL 32202
Telephone: 904-354-5500
Facsimile: 904-354-5501
Ebooth.pleadings@qpwblaw.com
*Attorney for Defendant, Wal-Mart Stores, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 16, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Austin Brown, Esq.
Parker & Dufresne, P.A.
8777 San Jose Blvd., Suite 301
Jacksonville, FL 32217
abrown@jaxlawcenter.com
*Attorneys for Plaintiff*

/s/ Edward M. Booth, Jr.
Edward M. Booth, Jr., Esq.
Florida Bar No.: 338699
Quintairos, Prieto, Wood & Boyer, P.A.
One Independent Drive, Suite 1650
Jacksonville, FL 32202
Telephone: 904-354-5500
Facsimile: 904-354-5501
Ebooth.pleadings@qpwblaw.com
*Attorney for Defendant, Wal-Mart Stores, Inc.*